EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **LINDA ARMSTRONG,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:21-CV-02258 |
| | ) | |
| v. | ) | |
| | ) | |
| **ENNIS BUSINESS FORMS** | ) | |
| **OF KANSAS, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Ennis Business Forms of Kansas, Inc. ("Defendant"), by and through its attorneys of record, provides the following responses and objections to Plaintiff's Second Requests for Production of Documents in the above-captioned matter.

### General Objections

The following General Objections apply to each of Plaintiff's Requests and are expressly incorporated by reference as part of Defendant's responses to each of the Requests. Defendant's responses are subject to and do not waive the following General Objections, regardless of whether a General Objection or specific objection is stated in the response.

1. Defendant objects to these Requests to the extent they seek to impose burdens other than or beyond those imposed by the Federal Rules of Civil Procedure and/or the Local Civil Rules of the United States District Court for the District of Kansas. Defendant will respond to these requests pursuant to the requirements of the applicable rules.

2. Defendant objects to these Requests to the extent they purport to call for the disclosure of documents protected by the attorney-client privilege or work product doctrine on the grounds that such discovery is impermissible under Fed. R. Civ. P. 26(b).

47523924v.2

3. Defendant objects to the Requests to the extent that they call for information that is confidential, proprietary, or invade the legitimate privacy interests of third parties.

4. Defendant objects to these Requests to the extent they purport to seek documents in the possession of third parties and/or documents that are publicly available, either of which can be as easily obtained by Plaintiff as by Defendant.

5. Defendant objects to these Requests to the extent they seek "all" or "any and all" documents in response. It is a practical and legal impossibility that "all" facts, documents, or information for any specific subject could be found and identified for the decades potentially at issue in Plaintiff's requests. Such a request fails to specify the documents requested with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1). Instead, Defendant will make reasonable and proportional searches for documents and information in order to respond to otherwise unobjectionable requests.

6. Defendant's responses to Plaintiff's requests are made without waiving the right, at any time and for any reason, to revise, supplement, correct, add to, or clarify these responses.

**DEFENDANT'S RESPONSES AND OBJECTIONS TO REQUESTS**

**REQUEST FOR PRODUCTION NO. 28:** All versions of any reduction in force policy(ies) implemented or utilized by You during any reduction in force at any point from Jan. 1, 2007, through present.

> **RESPONSE: Defendant objects to this Request because it is overly broad in temporal scope and is not proportional to the needs of the case. Plaintiff's request for "all" versions and policies that exist over a period of 13 years is overly broad and unduly burdensome and seeks documents irrelevant to the issues in this case. Defendant further objects to this Request as repetitive and duplicative of Plaintiff's Request No. 23. Subject to and without waiving these objections, Plaintiff was laid off on April 13, 2020, and as previously disclosed, Defendant has no responsive documents as it pertains to the Fort Scott plant at that time.**

2

**REQUEST FOR PRODUCTION NO. 29:** All Documents and Communications providing the number of hours worked by employees for the following time period: March 1, 2019, through Jan. 2, 2021.

**RESPONSE: Defendant objects to this Request as repetitive and duplicative of Plaintiff's Request Nos. 15 and 16. Defendant further objects to this Request as it fails to comply with the "reasonable particularity" requirements of Fed. R. Civ. P. 34(b)(1). Defendant further objects to the Request because it is vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of this case. Defendant further objects to this Request to the extent it may be interpreted as calling for information protected from disclosure by the attorney-client privilege or work product doctrine.**

**REQUEST FOR PRODUCTION NO. 30:** Each and every retention sheet completed between March 1, 2020, through January 1, 2021, at the Fort Scott plant.

**RESPONSE: Defendant objects to this Request as vague and ambiguous with regard to the phrase "retention sheet." The phrase "retention sheet" is not defined, and this Request fails to specify the documents requested with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1). Defendant further objections to this Request as being unintelligible. As drafted, Defendant does not understand this Request; therefore, it is unable to formulate appropriate objections or a response.**

**REQUEST FOR PRODUCTION NO. 31:** All signed statements procured by you or your representatives relating to this case, including but not limited to, signed statements that resulted during or after interviewing, meeting with, or otherwise talking to employees or former employees about the 2020 reduction in force, sales decline due to the pandemic, this case, or Ms. Armstrong's claims.

**RESPONSE: Defendant objects to this Request to the extent it may be interpreted as calling for information protected from disclosure by the attorney-client privilege or work product doctrine. Specifically, any signed statements taken by Defendant's counsel during this litigation were taken in order to prepare for trial and disclosure of such statements would improperly reveal counsels' mental impressions and strategies. Subject to and without waiving this objection, Defendant does not have any non-privileged responsive documents.**

**REQUEST FOR PRODUCTION NO. 32:** All text messages sent from or received by Gary Benham at any point from March 1, 2020, to present regarding alleged lost income, reduction

3

in sales as a result of the pandemic, reduction in force, employee layoffs, employee terminations, employee suspensions, employee rehires, employee training or qualifications to work on multiple machines, or any of the claims in this lawsuit.

> **RESPONSE: Defendant objects to this Request as repetitive and duplicative of Request No. 26. Defendant further objects to this Request because it fails to comply with the "reasonable particularity" requirements of Fed. R. Civ. P. 34(b)(1), and it is overly broad in time and scope, unduly burdensome, vague and ambiguous, irrelevant, and not proportional to the needs of this case. Specifically, this Request is not limited to the Fort Scott plant, and it seeks text messages that do not have any relationship to the pandemic, the April 2020 layoffs at the Fort Scott plant due to the pandemic or the rehiring of employees who had been laid off at the Fort Scott plant due to the pandemic. Defendant further objects to this Request to the extent it may be interpreted as calling for text messages protected from disclosure by the attorney-client privilege or work product doctrine. Subject to and without waiving these objections, and to the extent Defendant understands this Request, Defendant does not have any text messages between Mike Allen, Shelli Randall and Gary Benham in March 2020 and April 2020 relating to the April 2020 layoffs at the Fort Scott plant or the rehiring of employees who had been laid off at the Fort Scott plant due to the pandemic.**

**REQUEST FOR PRODUCTION NO. 33:** All text messages sent from or received by Mike Allen at any point from March 1, 2020, to present regarding alleged lost income, reduction in sales as a result of the pandemic, reduction in force, employee layoffs, employee terminations, employee suspensions, employee rehires, employee training or qualifications to work on multiple machines, or any of the claims in this lawsuit.

> **RESPONSE: Defendant objects to this Request as repetitive and duplicative of Request No. 26. Defendant further objects because the Request fails to comply with the "reasonable particularity" requirements of Fed. R. Civ. P. 34(b)(1), and it is overly broad in time and scope, unduly burdensome, vague and ambiguous, irrelevant, and not proportional to the needs of this case. Specifically, this Request is not limited to the Fort Scott plant, and it seeks text messages that do not have any relationship to the pandemic, the April 2020 layoffs at the Fort Scott plant due to the pandemic or the rehiring of employees who had been laid off at the Fort Scott plant due to the pandemic. Defendant further objects to this Request to the extent it may be interpreted as calling for text messages protected from disclosure by the attorney-client privilege or work product doctrine. Subject to and without waiving these objections, and to the extent Defendant understands this Request, Defendant does not have any text messages between Mike Allen, Shelli Randall and Gary Benham in March 2020 and April 2020 relating to the April 2020 layoffs at the Fort Scott plant**

**or the rehiring of employees who had been laid off at the Fort Scott plant due to the pandemic.**

**REQUEST FOR PRODUCTION NO. 34:** All text messages sent from or received by Shelli regarding alleged lost income, reduction in sales as a result of the pandemic, reduction in force, employee layoffs, employee terminations, employee suspensions, employee rehires, employee training or qualifications to work on multiple machines, or any of the claims in this lawsuit.

**RESPONSE:** Defendant objects to this Request as repetitive and duplicative of Request No. 26. Defendant further objects to this Request because the term "Shelli" is vague and ambiguous and not sufficiently defined. Defendant further objects because this Request fails to comply with the "reasonable particularity" requirements of Fed. R. Civ. P. 34(b)(1), and it is overly broad in time and scope, unduly burdensome, vague and ambiguous, irrelevant, and not proportionate to the needs of this case. Specifically, this Request is not limited to the Fort Scott plant, and it seeks text messages that do not have any relationship to the pandemic, the April 2020 layoffs at the Fort Scott plant due to the pandemic or the rehiring of employees who had been laid off at the Fort Scott plant due to the pandemic. Defendant further objects to this Request to the extent it may be interpreted as calling for text messages protected from disclosure by the attorney-client privilege or work product doctrine. Subject to and without waiving these objections, and to the extent Defendant understands this Request, Defendant does not have any text messages between Mike Allen, Shelli Randall and Gary Benham in March 2020 and April 2020 relating to the April 2020 layoffs at the Fort Scott plant or the rehiring of employees who had been laid off at the Fort Scott plant due to the pandemic.

**REQUEST FOR PRODUCTION NO. 35:** All telephone records, including but not limited to office telephones, cellular phones provided or supplied by You, or any cellular phone used to contact employees, supervisors, or managers for the following individuals: Mike Allen, Shelli Randall, and Gary Benham, and for the following time period: March 1, 2020, through Jan. 1, 2021. The response to this request should also identify the specific phone number associated with each individual and whether that is an office telephone, a company provided cellular phone, or a personal cellular phone.

**RESPONSE: Defendant objects to this Request because it fails to comply with the "reasonable particularity" requirements of Fed. R. Civ. P. 34(b)(1) and is overly**

5

**broad in time and in scope, unduly burdensome, vague, ambiguous, irrelevant, and not proportional to the needs of this case. Specifically, this Request seeks "all" telephone records without regard to the identity of the caller or the purpose of the call. Defendant further objects to this Request as an invasion of the privacy interests of individuals who are not parties to this lawsuit.**

Dated: January 12, 2022  **LATHROP GPM LLP**

*/s/ Rebecca S. Yocum*
Jill Waldman (KS Bar #19634)
Rebecca S. Yocum (KS Bar #14222)
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
(816) 292-2000 (Telephone)
(816) 292-2001 (Facsimile)
jill.waldman@lathropgpm.com
rebecca.yocum@lathropgpm.com

*ATTORNEYS FOR DEFENDANT ENNIS BUSINESS FORMS OF KANSAS, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12 day of January 2022, a copy of the foregoing was served via electronic mail upon the following counsel of record:

Michael A. Williams
Courtney M. Stout
WILLIAMS DIRKS DAMERON LLC
1100 Main Street, Suite 2600
Kansas City, Missouri 64104
mwilliams@williamsdirks.com
cstout@williamsdirks.com

ATTORNEYS FOR PLAINTIFF

*/s/ Rebecca S. Yocum*
*An Attorney for Defendant Ennis Business Forms of Kansas, Inc.*

6