EXHIBIT C



2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Main: 816.292.2000

**Lathrop GPM LLP**
lathropgpm.com

**Rebecca S. Yocum**
Counsel
rebecca.yocum@lathropgpm.com
816.460.5657

January 21, 2022

Via E-mail cstout@williamsdirks.com and mwilliams@williamsdirks.com

Michael A. Williams
Courtney M. Stout
Williams Dirks Dameron LLC
1100 Main Street, Suite 2600
Kansas City, MO 64105

RE:    *Linda Armstrong v Ennis Business Forms of Kansas, Inc.*

Dear Counsel:

This is in response to your Golden Rule letter dated January 14, 2022.

**Request No. 28:**

You do not address Defendant's repetitive and duplicative objections, which objections are well founded and sustainable.

The request is facially overbroad as Plaintiff's Complaint establishes the date of her layoff—April 2020.  The only "RIF" policy that would possibly be relevant would be a policy applicable in 2020 at the Fort Scott plant.  Out of date policies have no probative value.  Lastly, Defendant has already responded that no reduction in force policy existed at the Fort Scott plant in 2020.

**Request No. 29:**

You do not address Defendant's repetitive and duplicative objections, which objections are well founded and sustainable.  Any document and any communication relating to the hours worked by any employee is facially overbroad and irrelevant on its face.  For instance, this request is so broad as to include communications by any employee requesting time off, any employee's pay records and any employee's vacation records.  Time records have no relevance to the 2020 layoff.  Plaintiff was laid off due to COVID-19 and its impact on Defendant's sales.  Defendant has already provided the pertinent financial statements illustrating the decline in sales.

**Request No. 30:**

You failed to define the term "retention sheet" in the request.  Now that you have defined the term as the document referenced in Ms. Randall's deposition, we will request the document from our client.

**Request No. 31:**

Contrary to your position, Defendant is not required to produce a privilege log if the documents withheld based upon work product immunity are described in sufficient detail for the court to

Michael A. Williams
Courtney Stout
January 21, 2022
Page 2

ascertain whether the immunity applies. *Lloyds of London Syndicate 2003 v. Fireman's Fund Insurance Co. of Ohio*, 320 F.R.D. 557, 562 (2017).

The privilege log requirement is derived from Rule 26(b)(5)(A). That subsection requires a party withholding information otherwise discoverable to (1) "expressly make the claim" for work product; and (2) "describe the nature" of the information not produced in a manner that enables the other party to assess that claim but does not reveal the actual protected information. *Id.*

Courts in the District of Kansas have approached privilege logs in a manner that favors substance over form. *Lloyds of London Syndicate* 2003, 320 F.R.D. at 562. A privilege log is not always necessary as long as the opposing party and the court can assess whether the claimed privilege applies to the document. *Farha v. Idbeis*, No. 09-1059-JTM, 2010 WL 3168146, at *4 n.11 (D. Kan. Aug. 10, 2010).

In its response and objection, Defendant clearly disclosed that the documents requested (signed witness statements) were prepared by Defendant's counsel after litigation was filed. To qualify for protection as the attorney's work product, the party or its attorney must show that it prepared materials in anticipation of litigation or for trial. Fed. R. Civ. P. 26(b)(3)(A). The objection clearly describes in sufficient detail the documents claimed to be privileged.

The two cases you rely upon are inapposite. In both cases the courts addressed the issue of whether the witness statements taken <u>before</u> litigation began were sufficiently shown to be prepared in anticipation of trial. Here, it cannot be disputed the witness statements were taken by counsel after litigation was filed.

You request the names of the witnesses, but that information is protected by the work product doctrine. Both parties have disclosed fact witnesses as required by Rule 26 and you do not indicate any reason you are unable to depose any identified witness.

**Request Nos. 32, 33 and 34:**

You do not address Defendant's repetitive and duplicative objections, which objections are well founded and sustainable. These requests are facially overbroad so as to include irrelevant information relating to other plants and other non-similarly situated employees. The termination of any employee, his or her training or suspension have no relevance to any issue in this lawsuit. The request is not proportional to the needs of the case.

Further, the request is so overly broad as to potentially include any text messages between the individuals identified and legal counsel.

As stated, there are no text messages between Mike Allen, Shelli Randall and Gary Benham in March 2020 and April 2020 relating to the April 2020 layoffs at the Fort Scott plant.

Michael A. Williams
Courtney Stout
January 21, 2022
Page 3

**Request No. 35:**

Our objection is appropriate.  A telephone record provides no indication of the purpose or subject matter of the call.  As you know, these individuals manage multiple plants and have more business discussions than the 2020 layoff at the Fort Scott plant.  You do not indicate how merely making a phone call would be relevant to any claim in this lawsuit.

Finally, we have not yet received your client's tax returns as promised.  Please advise when we can expect those.

I look forward to discussing these issues with you.  Let me know when you would like to talk.  I am available next week with the exception of January 28.

Sincerely,

Lathrop GPM LLP

Rebecca S. Yocum
Counsel

RSY/kmh

Enclosure

cc:    Jill Waldman