# WILLIAMS | DIRKS | DAMERON
### ATTORNEYS

November 1, 2021

Jill Waldman
Rebecca Yocum
Lathrop GPM LLP
2345 Grand Blvd., Suite 2200
Kansas City, MO 64108

SENT VIA ELECTRONIC MAIL

RE: ***Linda Armstrong v. Ennis Business Forms of Kansas, Inc.***

Dear Counsel,

We are in receipt of Defendant's objections and responses to Plaintiff's opening discovery. We believe that many of the objections are improper and that the documents identified as responsive are not complete, but we are optimistic that we can work through them together. This correspondence serves as Plaintiff's "Golden Rule" letter to resolve this dispute informally as contemplated by Local Rule 37.2.

Plaintiff alleges she was terminated unlawfully based on her age. Defendant states that Plaintiff was terminated as part of a reduction-in-force implemented by Defendant due to a reduction in sales during the COVID-19 pandemic. Defendant alleges it completed a partial rehiring after sales increased. Because Defendant alleges Plaintiff was not terminated based on her age, but instead based on a reduction-in-force, Plaintiff is entitled to discovery concerning all aspects of the reduction-in-force and later rehiring. This information includes but is not limited to any analyses completed by Defendant or Defendant's corporate headquarters as to the decline or resumption of sales and revenues prior to and during the COVID-19 pandemic; all documents and communications discussing the reduction-in-force, including discussions about whether to engage in a reduction-in-force and the characteristics for determining what employees should be terminated as part of the reduction-in-force; all documents and communications discussing what employees should be rehired and the order in which to rehire; all documents and communications about the ages and skill level of all employees who were terminated and those who were rehired; the age, identity, and skill level of those terminated and those that were rehired. Defendant has identified only one email from Defendant's corporate office that is responsive to the reduction-in-force and rehiring process. It is highly improbable that this business decision to implement a reduction-in-force and then later rehire some employees would not have additional analyses, documentation, or communications. Electronic communications and ESI on this issue are critical in a reduction-in-force case.

Because the reduction-in-force was analyzed, implemented, and executed by Defendant, Plaintiff does not know who was involved in the decision-making process. As such, for many of Plaintiff's requests, Plaintiff is unable to provide custodians for many of the requests. Defendant

is the only party with the knowledge of who was involved in the reduction-in-force and rehiring process, and as such, Defendant must identify the custodians who were involved.

Prior to serving discovery, the parties discussed and agreed upon a protocol for the production of electronically stored information ("ESI"). Defendant's production of documents bates labeled D00001-00700 does not comply with this production format. Any concerns about ESI production or production in general could have been discussed leading up to Defendant's production. Plaintiff provided a three-week extension to Defendant to provide its responses and objections to Plaintiff's discovery requests. No such communication about production or concerns regarding the requests were made until the discovery objections were served. If Defendant made good faith efforts to locate ESI, at the very least, the obvious custodians' ESI would have been produced.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of the other party . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy is "broadly construed," and a request is relevant if there is "any possibility" that the information might be relevant to a claim or defense of a party. See *Manning v. General* Motors, 247 F.R.D. 646, 651 (D. Kan. 2007). In sum, a "request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party." *Id.* "[D]iscovery in discrimination cases should not be narrowly circumscribed." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511 (D. Kan. 1995) (citing *Rich v. Martin Marietta Corp*, 522 F.2d 333, 343-44 (10th Cir. 1975). Finally, the party resisting a discovery request has the burden of establishing overbreadth, vagueness, ambiguity, and undue burden. *Linnebur v. United Telephone Assoc. Inc.*, 2011 WL 3490022, at *3 (D. Kan. Aug. 10, 2011).

Additionally, Defendant makes relevancy objects to many of the discovery requests, arguing that Defendant's only reason for termination of Plaintiff was reduced sales due to COVID-19. However, this is an argument by Defendant's attorney and is insufficient to determine that the requests are improper. *See Strating v. Abound Solar, Inc.*, Case No. 10-cv-2344, 2012 WL 882407, at *4 (D. Colo. Mar. 15, 2012):

> The Court finds that Plaintiff's request is relevant on its face concerning her work performance before her termination of employment ... In response, Defendant argues only that "Plaintiff's termination was completely unrelated to Abound Solar's sales office in Germany and Plaintiff has provided no basis for her request." ***However, an argument by a party's attorney is not sufficient to determine Plaintiff's request undiscoverable.*** If Defendant's position is that Plaintiff's termination had nothing to do with her performance concerning the Germany sales office, or if Defendant has no documents concerning its expectation of Plaintiff's performance for the Germany sales office, then Defendant should state such position in writing, executed under oath, in accordance with the applicable rules. The Court will grant Plaintiff's motion to compel Defendant's response to Request for Production No. 19.

(emphasis added).

Defendant bears the burden to show "undue burden or expense" for any requests that it deems are unduly burdensome. *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 686 (D. Kan. 2000). Defendant must "show that the burden or expense is unreasonable in light of the benefits secured form the discovery." *Id.* Without such a showing, such objection will be overruled. *Id.*

Last, Defendant must provide a description in detail of the nature of the documents that it claims are protected by attorney client privilege or work product immunity. *McCoo*, 192 F.R.D. at 690-691.

I. **Requests for Production in Dispute: Request Nos. 9, 10, 11, 13, 14, 15, 16, 18, 19, 20, 21, 22, 26**

   a. **Request No. 9:**

This request seeks documents that concern Plaintiff's age discrimination claim that are not already included in Plaintiff's personnel file. Defendant objects to the terms "maintained," "relate to," and "which concern any" as vague, ambiguous, and unduly burdensome. Defendant further objects to the lack of search terms or other limiting factors such as custodians, dates, etc.

To expedite the request, Plaintiff agrees to provide custodians, dates, and search terms for this request. Plaintiff would limit this request to the following custodians at the Fort Scott plant: executives, supervisors, and other management level employees. Plaintiff is willing to meet and confer with Defendant as to search terms and a date range.

Last, to the extent Defendant claims that any of the information responsive to this request is privileged, Plaintiff requests this be documented on a privilege log that is produced to Plaintiff. Kansas courts are strict regarding the requirement that parties that object to discovery on privilege grounds provide a detailed privilege log:

> Parties objecting to discovery on the basis of the attorney-client privilege
> bear the burden of establishing that it applies. They must make a clear showing
> that the asserted objection applies. To carry the burden, they must describe in detail
> the documents or information to be protected and provide precise reasons for
> the objection to the discovery. They must provide specific information to enable
> the court to determine whether each element of the asserted privilege is satisfied.

*Cypress Media Inc. v. City of Overland Park,* 997 P.2d 681, 693 (Kan. 2000) (internal citations omitted) (city waived attorney-client privilege by failing to produce a proper privilege log). No privilege log was produced. Plaintiff will not repeat this argument each time privilege objections are made in the discovery responses. Accordingly, please provide documents that are responsive to this request and a privilege log.

### b. Request No. 10:

This request seeks documents that discuss Defendant's assertion that the layoffs were related to sales declines and the COVID-19 pandemic. Defendant cites documents bates labeled D000355-000358 as responsive to this request. Plaintiff seeks to confirm that these are the only responsive document to this request. Defendant claims the decline in sales due to the COVID pandemic was the sole reason for the layoffs. Plaintiffs are entitled to any documents that support or disprove Defendant's reasoning for termination of Plaintiff. Any document that discusses Defendant's financial health and/or sales information (positive or negative) is relevant on the issue of whether Defendant's stated reason for Plaintiff's termination is pretextual for unlawful discrimination. *See Bolton v. Sprint/United Mgmt. Co.*, Case No. 05-2361, 2007 WL 756644, at *5 (D. Kan. Mar. 8, 2007) (allowing discovery of the "name, department, job grade, job title, date of birth, and last date of employment of all employees who were selected or termination in any reduction-in-force …. Occurring between April 1, 2003 and December 31, 2004."); *Williams v. Sprint/United Mgmt. Co.*, 235 F.R.D. 494, 500-01 (D. Kan. 2006) (allowing discovery of the identity of individuals who were terminated during a reduction in force).

### c. Request No. 11:

Request No. 11 seeks all documents discussing any reduction in force from March 1, 2020 through December 31, 2020. Defendant provided that document bates labeled D000353-000354 is the only document that is responsive to this request. Document D000353-000354 is an email from Defendant's corporate office mentioning a decline in sales and impending layoffs. As in No. 10 above, Plaintiffs seek to confirm this is the only document responsive to this request because this information is relevant to determine if Defendant's reason for termination is pretext for unlawful discrimination. Plaintiff is concerned there may be more internal written or otherwise documented communications concerning the layoffs than one single email, D000353-000354, without any response or further communication. Moreover, it appears from the nature of the email that a portion of the email has been redacted or otherwise removed. Please advise if this is the case and if there are any other documents discussing potential layoffs during the time period above.

### d. Request No. 13:
This request seeks the identity of identification of the employees who were terminated from March 1, 2020, through December 31, 2020 at the Fort Scott plant. Defendant's objections concern an overbroad and vagueness objection and a privacy objection.

Plaintiffs do not believe this request is vague. Plaintiff seeks the identity and age of the employees where were terminated during the time period above. This is directly relevant to Plaintiff's claim that Defendant terminated Plaintiff based on her age, not due to COVID-19 reduction in work. As to Defendant's concern for privacy, initials will satisfy Plaintiff's concerns at this time. Plaintiff reserves the right to seek the names of these individuals at a later time. *See Bolton*, 2007 WL 756644, at *5 (allowing discovery of the "name, department, job grade, job title, date of birth, and last date of employment of all employees who were selected or termination in any reduction-in-force …. Occurring between April 1, 2003 and December 31, 2004."); *Williams*, 235 F.R.D. at 500-01 (allowing discovery of the identity of individuals who were terminated during a reduction in force).

e. **Request No. 14:**

Request 14 is similar to Request 13 except that Request 14 seeks the identity and ages of individuals that were rehired. Defendant's objections are similar to their objections to Request 13, and Plaintiff's responses are also the same and in the interest of brevity, will not be repeated here.

f. **Request No. 15:**

This request seeks records documenting the number of hours worked by employees in the 2019 year. Defendant objects to this request alleging it is facially overbroad and irrelevant to the lawsuit. This request is highly relevant to this lawsuit because Defendant claims that Plaintiff was terminated because sales volume fell as a result of the COVID-19. To determine whether this allegation is pretextual, Plaintiff must be able to compare 2019 sales prior to the pandemic with 2020 sales after the onset of the pandemic.

g. **Request No. 16:**

Similarly, Request No. 16 is also relevant for the same reasons as No. 15. No. 16 seeks the number of hours worked by employees in 2019. This is a comparison necessary to validate or invalidate Defendant's claims that the revenue, sales, and number of hours worked by employees fell as a result of the pandemic.

h. **Request No. 18:**

This request seeks personnel, human resource files, and investigative files for Ms. Randall. Defendant objects to this request claiming the request is vague and ambiguous. Defendant also objects that the request is irrelevant and seek confidential information. The personnel files of the employee's supervisors are discoverable. *See Fox-Martin v. H.J. Heinz Operations*, 2003 WL 23139105, at *3 (D. Kan. Dec. 19, 2003). Likewise, the personnel files of those who played a key role in employment decisions affecting the plaintiff are discoverable. *See id.*; *EEOC v. Kan. City. S. Ry.*, 2000 WL 33675756, at *3 (D. Kan. Oct. 2, 2000); *McCoo*, 192 F.R.D. at 687; *Hoskins v. Sears, Roebuck and Co.*, Case No. 96–1357–MLB, 1997 WL 557327, at *2 (D.Kan. Sept. 2, 1997) (compelling production of personnel files of "eight individuals who are alleged to have been involved in, witnessed, or failed to report" the claimed harassment)).

Additionally, any confidentiality concerns does not outweigh the relevancy of the files for production. *See EEOC v. Kan. City. S. Ry.*, 2000 WL 33675756, at *3-4 ("The Court overrules the objections based on confidentiality. Confidentiality 'generally does not constitute grounds to withhold information from discovery.'") (citation omitted). *See also Aramburu v. Boeing Co.,* No. 93–4064–SAC, 1994 WL 810248, at *1 (D. Kan. Sept. 22, 1994) ("[C]onfidentiality alone is not an objection which precludes discovery.").

To the extent Defendant does not understand the request, Plaintiff is willing to meet and confer.

### i. Request No. 19:

This request is identical to Request No. 18 except for the identity of the employee for which the files are sought. Defendant's objections and Plaintiff's responses are the same as Request 18 and will not be repeated.

### j. Request No. 20:

Request No. 20 seeks several specific search terms to be run through electronically stored information that was received, sent, or created by any manager or supervisor. Defendant claims this request is overbroad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. This request is plainly relevant and reasonably calculated to lead to admissible evidence. Plaintiff alleges that she was terminated based on her age. Communications from supervisors about Plaintiff and Plaintiff's age are highly relevant to this litigation. The request is narrowly tailored to a finite time period and provides specific search terms that can be run in conjunction with Plaintiff's name from a narrow subset of custodians. Further, Defendant has not provided a hit report to substantiate its claim that the discovery is unduly burdensome. Plaintiff is willing to meet and confer to narrow this request if the hit report results in an unduly burdensome amount of documents.

To the extent Defendant is withholding documents based on privilege, please provide a privilege log for such documents as discussed above.

### k. Request No. 21:

Plaintiff's request seeks employee handbooks in effect during her employment. Defendant objects that this request is overbroad and unduly burdensome, and Defendant produced three pages of the handbook currently at issue concerning EEOC policies, discrimination, and retaliation, D000696-000699. Plaintiff will agree to limit this request to all employee handbooks in effect during Plaintiff's employment from 2015 to Present. However, Defendant's production of only three pages from the handbook is improper. Plaintiff is entitled to the entire handbook as part of the discovery process. *See Hall v. Life Care Centers of America, Inc.*, Case No. 16-2729, 2018 WL 1992333, at *5 (D. Kan. Apr. 27, 2018) (allowing discovery of the defendant's "handbooks, manuals, and policies" over the last five years).

### l. Request No. 22:

Plaintiff's request seeks all policies, manuals, guidelines, or procedures in existence at the time Plaintiff was employed with Defendant relating to Defendant's EEO policies and reporting procedures. Defendant produced three pages of the handbook currently at issue concerning EEOC policies, discrimination, and retaliation, D000696-000699. Plaintiff will agree to limit this request to all policies, manuals, guidelines, or procedures in effect during Plaintiff's employment from 2015 to Present. Moreover, Plaintiff is concerned that Defendant has identified only three pages of responsive documents to this request as this request seems that it would likely result in a much larger production of responsive documents. Plaintiff seeks confirmation that there are no other responsive documents to this request. *See Hall v. Life Care Centers of America, Inc.*, Case No. 16-

2729, 2018 WL 1992333, at *5 (D. Kan. Apr. 27, 2018) (allowing discovery of the defendant's "handbooks, manuals, and policies" over the last five years).

### m. Request No. 26:

This request seeks emails, text messages, ESI, or reports from any employee, manager, or supervisor that mentions Plaintiff or her age discrimination allegations or retaliation allegations. Defendant objects to this request, alleging it is overbroad, unduly burdensome, and irrelevant. Plaintiff is willing to meet and confer with Defendant regarding search terms and a date limitation to narrow this request. This request is highly relevant to Plaintiff's allegation that she was terminated based on age and retaliated against after filing her charge of discrimination. To the extent Defendant claims there are responsive documents that are protected by attorney client privilege, Plaintiff asks Defendant reference such documentation in a privilege log.

## II.     Interrogatories in Dispute: Request Nos. 8, 9, 19

### a. Interrogatory No. 8:

Interrogatory Number 8 seeks the identification of each individual who complained about Plaintiff's job performance or any other issue related to Plaintiff's employment and who the individual(s) complained to. Defendant objects to this Interrogatory claiming it is overly broad, vague and ambiguous, and seeks irrelevant information.

While Plaintiff believes its request is not overly broad, Plaintiff worked at Ennis for thirty-nine (39) years, so Plaintiff will agree to narrow this request. Plaintiff will ask for such information within the last five (5) years. Looking back five (5) years is a reasonable temporal limitation. *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 698 (D. Kan. 2000).

Again, while Plaintiff believes its request is not vague and ambiguous as to the terms "or any other issue related to Plaintiff's employment," Plaintiff will agree to redefine this term. By this term, Plaintiff seeks information including but not limited to: (i) Plaintiff's disciplinary records; (ii) Plaintiff's ability and any related comments or complaints as to Plaintiff's ability to operate machinery; (iii) any comments or complaints of Plaintiff's ability to perform tasks in the bindery department, (iv) any comments of complaints of Plaintiff's skill level in general; (v) any comments or complaints comparing Plaintiff's skill level to those of other employees; and (vi) any comments or complaints about Plaintiff's skill level related to decisions concerning termination and rehiring.

Plaintiff believes that Defendant's objection that this request is irrelevant is disingenuous. Plaintiff seeks information about Plaintiff's job performance and skill level. Such request is relevant to the case because Defendant claims that it selected who to terminate and rehire based on each employee's ability to operate one or more machines at the plant. Specifically, Defendant claims that it terminated lower skilled employees who were not qualified to operate multiple machines and completed its rehiring process in this fashion as well. Accordingly, Defendant's

discussions of Plaintiff's performance or conduct is relevant to Defendant's claim that it terminated and rehired based on performance and employee skill level.

### b. Interrogatory No. 9:

Interrogatory Number 9 seeks a description of each review, meeting, conference, or discussion concerning Plaintiff's performance or conduct from January 1, 2020 to the present. Defendant objects to this Interrogatory claiming it is: vague and ambiguous to the phrase "Plaintiff's performance and/or conduct;" it seeks irrelevant information; and seeks information protected by the attorney client and work product privilege.

As discussed above and not fully repeated here, this request is relevant to the litigation because Defendant's discussions of Plaintiff's performance or conduct is relevant to Defendant's claim that it terminated and rehired based on performance and employee skill level.

Accordingly, please provide responses to Interrogatory No. 9 and provide a privilege log for any material that you believe is protected by privilege.

### c. Interrogatory No. 19:

This request seeks the identification of computer devices that employees, supervisors, and administrators use over the past three years as well as the identification of software applications on Defendant's computer systems and digital devices. Defendant objects to this request stating it is ambiguous and overly broad.

To aid Defendant's understanding of the request, Plaintiff seeks this information to determine the extent of ESI information Defendant has. Digital devices, computer applications, and software used by employees and supervisors is relevant to determine the breadth of potentially discoverable ESI information. Whether or not a party has made a good faith effort to search for and produce ESI (or has engaged in a bad faith document dump) is relevant on the issue of compliance with the discovery rules and preservation of evidence. Plaintiff has a right to investigate whether Defendant's searches were forensically sound.

Last, while Plaintiff does not believe the request is overly broad, Plaintiff will agree to narrow this request to the Fort Scott, Kansas plant and for the last five years to present. Such a geographic and temporal limitation is a reasonable request.

Please contact me on or before Friday, November 5, 2021, so that we can resolve this dispute informally. As you are aware, there is a short deadline for filing a motion to compel discovery in this District. As such, we intend to address the Court with this discovery dispute on Monday, November 8, 2021, if we are unable to come to a resolution. Thank you.

Sincerely,

Courtney M. Stout