## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LINDA ARMSTRONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-2258-KHV-TJJ |
| | ) | |
| ENNIS BUSINESS FORMS OF | ) | |
| KANSAS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Plaintiff's Motion to Compel Discovery (ECF No. 31). Plaintiff asks the Court to compel Defendant Ennis Business Forms of Kansas, Inc. to produce documents responsive to certain Requests for Production of Documents. As set forth below, the Court grants Plaintiff's motion in part, denies it in part, and directs Defendant to produce a privilege log in response to one request.

### I.      Relevant Background

In her complaint, Plaintiff alleges Defendant discriminated and retaliated against her on the basis of age in violation of the Age Discrimination in Employment Act (ADEA). When Defendant's Human Resources Manager Shelli Randall terminated Plaintiff's employment on April 13, 2020, Plaintiff had been employed for nearly 39 years and was at the time a press operator at Defendant's printing facility in Fort Scott, Kansas. Plaintiff was one of approximately 13 employees terminated at the facility, which Ms. Randall said was caused by the COVID-19 pandemic. But on May 28, 2020, Defendant rehired all but five of the terminated employees. Of those five who had been terminated and not rehired, four were over the age of 60 and the fifth

was more than 50 years old.

On November 3, 2020, Ms. Armstrong timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Kansas Human Rights Commission based on her age discrimination and retaliation claims. One month later, Defendant offered to re-hire Plaintiff for a position with a lower rate of pay and with less responsibility. Plaintiff asked to be paid her pre-termination wage, which Defendant refused. Plaintiff alleges Defendant did not re-hire her because she filed a Charge of Discrimination.

On or about April 19, 2021, Plaintiff received her Notice of Right to Sue from the Equal Employment Opportunity Commission. She filed this action on June 4, 2021.

This motion arises out of Plaintiff's Second Requests for Production of Documents to Defendant (RFPs), which she served on December 13, 2021. Defendant served its responses and objections on January 12, 2022. Two days later, Plaintiff's counsel sent a Golden Rule letter to which defense counsel responded on January 21, 2022. On January 25, 2022, the parties held a telephone conference during which they resolved their differences over one request, leaving seven RFPs at issue. Plaintiff timely filed the instant motion.

The Court finds the parties have conferred in an attempt to resolve the issues in dispute without court action, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.

## II.    Summary of Parties' Arguments

Plaintiff asks the Court to compel Defendant to produce documents responsive to the seven RFPs at issue and to provide a privilege log for documents Defendant is withholding. Defendant asserts its objections are well-founded, and that it need not provide a privilege log because its work product objections were accompanied by a description of the withheld

documents sufficient to meet the requirements of Fed. R. Civ. P. 26(b)(5). Although Plaintiff

does not ask the Court to rule on Defendant's objections, the Court considers it necessary to rule

on a responding party's objections when deciding a motion to compel.

## III.   Scope of Discovery

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery. As

amended, it provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter
> that is relevant to any party's claim or defense and proportional to
> the needs of the case, considering the importance of the issues at
> stake in the action, the amount in controversy, the parties' relative
> access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and whether
> the burden or expense of the proposed discovery outweighs its
> likely benefit. Information within this scope of discovery need not
> be admissible in evidence to be discoverable.[1]

Considerations of both relevance and proportionality now govern the scope of discovery.[2]

Relevance is still to be "construed broadly to encompass any matter that bears on, or that

reasonably could lead to other matter that could bear on" any party's claim or defense.[3]

Information still "need not be admissible in evidence to be discoverable."[4] The amendment

deleted the "reasonably calculated to lead to the discovery of admissible evidence" phrase,

---

[1] Fed. R. Civ. P. 26(b)(1).

[2] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[3] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[4] Fed. R. Civ. P. 26(b)(1).

however, because it was often misused to define the scope of discovery and had the potential to "swallow any other limitation."[5]

The consideration of proportionality is not new, as it has been part of the federal rules since 1983.[6] Moving the proportionality provisions to Rule 26 does not place on the party seeking discovery the burden of addressing all proportionality considerations. If a discovery dispute arises that requires court intervention, the parties' responsibilities remain the same as under the pre-amendment Rule.[7] In other words, when the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[8] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[9] Relevancy determinations are generally made on a case-by-case basis.[10]

---

[5] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[6] *Id.*

[7] *Id.*

[8] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[9] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[10] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

4

"A party asserting an unduly burdensome objection to a discovery request has 'the burden to show facts justifying [its] objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.'"[11]  The objecting party must also show "the burden or expense is unreasonable in light of the benefits to be secured from the discovery."[12]  An objection that discovery is unduly burdensome "must contain a factual basis for the claim, and the objecting party must usually provide 'an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.'"[13]

Work product protection is governed by Rule 26(b)(3) of the Federal Rules of Civil Procedure. The work product doctrine prevents disclosure of documents or tangible things that an attorney has prepared in anticipation of litigation.[14]  The party asserting work product protection bears the burden to demonstrate the doctrine applies to the document at issue,[15] and must show each of the following: (1) the communication at issue is a document or tangible thing prepared by or for the proponent or its counsel; (2) the communication qualifies as work product material prepared in anticipation of litigation; (3) the communication does not qualify for an

---

[11] *Stonebarger v. Union Pac. RR Co.*, No. 13-2137-JAR-TJJ, 2015 WL 64980, at *5 (D. Kan. Jan. 5, 2015) (quoting *Shoemake v. McCormick, Summers & Talarico II, LLC*, No. 10–2514–RDR, 2011 WL 5553652, at *3 (D. Kan. Nov. 15, 2011)).

[12] *Id.*

[13] *Id.*

[14] Fed. R. Civ. P. 26(b)(3)(A).

[15] *In re Grand Jury Proceedings*, 616 F.3d 1172, 1184-85 (10th Cir. 2010).

exception to the doctrine; and (4) the proponent properly claimed that the email was subject to protection as trial-preparation material.[16]

## IV.    Analysis

Defendant responded to five of the seven document requests "subject to" various objections. In this district, such conditional objections often result in a finding that the responding party has waived its objections.[17]  Conditional objections occur when "a party asserts objections, but then provides a response 'subject to' or 'without waiving' the stated objections."[18]  The Court has reviewed each of the five responses[19] and finds they are indeed classic conditional objections. In each, Defendant's response begins with objections and then states the following: "Subject to and without waiving these objections, . . ."  Judge O'Hara has written a thoughtful examination of conditional objections which catalogs the reasons various courts have given why such objections are invalid and unsustainable.[20]  Among the reasons is that objections followed by an answer "preserve nothing and serve only to waste the time and

---

[16] *Lloyds of London Syndicate 2003 v. Fireman's Fund Ins. Co. of Ohio*, 320 F.R.D. 557, 560 (D. Kan. 2017) (citing Fed. R. Civ. P. 26(b)(3)-(5)).

[17] *Sprint Communications Co., L.P. v. Comcast Cable Communications, LLC,* Nos. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL, 2014 WL 545544 (D. Kan. Feb. 11, 2014) ("*Sprint I*").

[18] *Westlake v. BMO Harris Bank N.A.*, No. 13-2300-CM-KGG, 2014 WL 1012669, *3 (D. Kan. March 17, 2014) (citing *Sprint Communications Co., L.P. v. Comcast Cable Communications, LLC,* Nos. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL, 2014 WL 1569963 (D. Kan. April 18, 2014) ("*Sprint II*")).

[19] Defendant made conditional objections to RFP Nos. 28, 31, 32, 33, and 34.

[20] *Sprint I.*

6

resources of both the Parties and the Court."[21]  As another court noted, "answering subject to an objection lacks any rational basis. There is either a sustainable objection to a question or request or there is not."[22]  In this case, Defendant's conditional objections leave the reader confused as to whether all requested documents have been identified. Rule 34 demands a statement that inspection or production will be permitted as requested, or an objection. The discovery rules contemplate no other response.

The conditional nature of Defendant's objections provides ample reason to overrule the objections as invalid. Often, however, the Court does not rely solely on that ground, but considers the parties' remaining arguments to offer guidance as they conduct additional discovery. But in this case, the Court further notes that some of the objections Defendant asserts are boilerplate objections which merely state the objection without offering an explanation. To the extent the boilerplate objections lack specificity, Defendant has not met its burden to show why the discovery requests are improper.[23]

With the legal standards in mind, the Court considers the RFPs for which Plaintiff seeks to compel Defendant to produce documents.

**REQUEST FOR PRODUCTION NO. 28:** All versions of any reduction in force policy(ies) implemented or utilized by You during any reduction in force at any point from Jan. 1, 2007, through present.

---

[21] *Id.* at *2 (quoting *Consumer Elecs. Ass'n v. Compras and Buys Magazine, Inc.*, No. 08-21085, 2008 WL 4327253, at *2 (S.D. Fla. Sept. 18, 2008)).

[22] *Sprint I*, 2014 WL 545544, at *3 (quoting *Tardif v. People for the Ethical Treatment of Animals*, No. 2:09-cv-537-FtM-29SPC, 2011 WL 1627165, at *2 (M.D. Fla. April 29, 2011)).

[23] *See Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2005 WL 731070, at *4 (D. Kan. March 30, 2005).

**RESPONSE: Defendant objects to this Request because it is overly broad in temporal scope and is not proportional to the needs of the case. Plaintiff's request for "all" versions and policies that exist over a period of 13 years is overly broad and unduly burdensome and seeks documents irrelevant to the issues in this case. Defendant further objects to this Request as repetitive and duplicative of Plaintiff's Request No. 23. Subject to and without waiving these objections, Plaintiff was laid off on April 13, 2020, and as previously disclosed, Defendant has no responsive documents as it pertains to the Fort Scott plant at that time.**

During the deposition of Human Resources Manager Randall, Plaintiff learned a written reduction-in-force ("RIF") policy had been in effect when Defendant reduced the number of its employees at the Fort Scott facility in 2008-2009. Defendant's position in this case is that Plaintiff's employment was terminated for legitimate nondiscriminatory business reasons as part of a RIF, but Plaintiff contends Defendant used the pandemic and corresponding RIF as an excuse to terminate older workers.[24] From the parties' first discussion of this RFP, Plaintiff has made it clear she is seeking the RIF policy Ms. Randall identified, and argues it is relevant because it would address the way in which Defendant has handled other RIFs. Based on Ms. Randall's identification of a RIF policy in effect in 2008-2009, one may infer the Fort Scott plant had not undergone a RIF between then and 2020, and therefore had no need for a policy in the intervening years. How Defendant handled its most recent similar large-scale employee downsizing is clearly relevant to how it approached the RIF that included Plaintiff. Likewise, the temporal scope of the request is reasonable because Plaintiff is seeking the last known policy identified by Defendant's Human Resources Manager.

---

[24] Throughout its briefing, Plaintiff refers to this event as an "alleged" RIF. The Court's omission of "alleged" when referring to the event does not indicate the Court has made a finding the event was or was not a RIF.

Although Defendant objects that a request seeking policies that existed across 13 years is overly broad and unduly burdensome, it appears Defendant does not dispute that only one such policy exists for that time. The Court therefore rejects Defendant's objection that producing the single policy is either overly broad or unduly burdensome. Finally, Defendant objects the request is duplicative of RFP No. 23 from Plaintiff's First Requests for Production of Documents, which sought documents containing Defendant's policies, manual, guidelines, or procedures regarding layoffs that were in existence at the time Plaintiff was employed. In its October 8, 2021 responses and objections to the First Set, Defendant objected to RFP No. 23 but stated no responsive documents existed. On December 1, 2021, Plaintiff deposed Ms. Randall and learned of the 2008-2009 policy. Although it appears Ms. Randall's testimony should have prompted Defendant to amend its response to RFP No. 23 to identify this policy,[25] Defendant did not do so. Plaintiff formulated this new narrowly targeted request seeking a copy of the policy.

The Court overrules Defendant's objections and grants Plaintiff's motion with respect to RFP No. 28.

> **REQUEST FOR PRODUCTION NO. 29:** All Documents and Communications providing the number of hours worked by employees for the following time period: March 1, 2019, through Jan. 2, 2021.
>
> **RESPONSE: Defendant objects to this Request as repetitive and duplicative of Plaintiff's Request Nos. 15 and 16. Defendant further objects to this Request as it fails to comply with the "reasonable particularity" requirements of Fed. R. Civ. P. 34(b)(1). Defendant further objects to the Request because it is vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of this case. Defendant further objects to this Request to the extent it may be interpreted as calling for information protected from disclosure by the attorney-client privilege or work product doctrine.**

---

[25] Plaintiff was hired by Defendant in 1981, so the 2008-2009 policy was in existence during the time Plaintiff was employed.

Plaintiff concedes this request seeks information included in RFP Nos. 15 and 16 of her

First RFPs. The earlier requests sought records documenting the number of hours employees

worked from January 1, 2019 to December 31, 2019, and from January 1, 2020 to December 31,

2020, respectively. Plaintiff contends the duplication is immaterial because Defendant did not

produce documents in response to RFP Nos. 15 and 16. But as Defendant points out, in its

responses to the earlier RFPs Defendant posed timely objections, did not produce any

documents, and the parties later exchanged emails confirming their respective positions. Plaintiff

did not file a motion to compel, and her deadline under D. Kan. Rule 37.1(b) has long since

expired. As Rule 37.1(b) clearly states, if a party fails to file and serve a motion to compel

discovery within 30 days of service of the response, "the objection to the . . . response . . . or

objection is waived."[26] Accordingly, the Court denies Plaintiff's motion with respect to RFP No.

29 based on waiver.

> **REQUEST FOR PRODUCTION NO. 31:** All signed statements procured by
> you or your representatives relating to this case, including but not limited to,
> signed statements that resulted during or after interviewing, meeting with, or
> otherwise talking to employees or former employees about the 2020 reduction in
> force, sales decline due to the pandemic, this case, or Ms. Armstrong's claims.
>
> **RESPONSE: Defendant objects to this Request to the extent it may be
> interpreted as calling for information protected from disclosure by the
> attorney-client privilege or work product doctrine. Specifically, any signed
> statements taken by Defendant's counsel during this litigation were taken in
> order to prepare for trial and disclosure of such statements would
> improperly reveal counsels' mental impressions and strategies. Subject to
> and without waiving this objection, Defendant does not have any non-**

---

[26] D. Kan. Rule 37.1(b). The rule provides an exception to the 30-day deadline if the court
extends to time to file a motion to compel for good cause shown. Plaintiff did not seek an
extension of the November 8, 2021 deadline to challenge Defendant's objections to RFP Nos. 15
and 16. *See* Defendant's Certificate of Service of Discovery Responses dated October 8, 2021
(ECF No. 18).

**privileged responsive documents.**

Plaintiff argues she is entitled to obtain copies of signed witness statements Defendant took which relate to her work performance and perhaps other issues relevant to the claims and defenses in this case. If the statements are not discoverable because they are protected attorney work product, Plaintiff asserts Defendant must list them on a privilege log. But Defendant contends it is entitled to stand on its work product objection without disclosing any additional information, because simply stating that it has signed statements in its possession sufficiently describes the withheld documents such that Plaintiff and the Court can assess them. Defendant further contends the mere disclosure of statements and the identity of the witnesses who signed them would compromise the work product doctrine by improperly revealing counsel's mental impressions and strategies. Defendant denies it is obligated to produce a privilege log.

The work product doctrine prevents disclosure of documents or tangible things that an attorney has prepared in anticipation of litigation.[27]  The party asserting work product protection bears the burden to demonstrate that the doctrine applies to the document at issue,[28]  and must show each of the following: (1) the communication at issue is a document or tangible thing prepared by or for the proponent or its counsel; (2) the communication qualifies as work product material prepared in anticipation of litigation; (3) the communication does not qualify for an exception to the doctrine; and (4) the proponent properly claimed that the email was subject to protection as trial-preparation material.[29]

---

[27] Fed. R. Civ. P. 26(b)(3)(A).

[28] *In re Grand Jury Proceedings*, 616 F.3d 1172, 1184-85 (10th Cir. 2010).

[29] *Lloyds of London Syndicate 2003 v. Fireman's Fund Ins. Co. of Ohio*, 320 F.R.D. 557, 560 (D.

Defendant offers no support for its assertion that Plaintiff knows the identity of the persons whose statements Defendant took. Plaintiff denies such knowledge. And Defendant's insistence that it need not identify the witnesses undermines Defendant's assertion it has complied with Fed. R. Civ. P. 26(b)(5). Defendant acknowledges Rule 26(b)(5) requires a party who withholds information on the basis of work product protection to "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."[30]

"It is well settled that the party seeking to invoke work product immunity . . . has the burden to establish *all elements* of the immunity . . . and that this burden 'can be met only by an evidentiary showing based on competent evidence.'"[31]  A party may not meet the burden "by mere conclusory or ipse dixit assertions."[32]

Defendant provides no authority to support its position that the mere identity of the witnesses is protected, which the Court rejects. Indeed, Defendant may be obligated by Fed. R. Civ. P. 26(e)(1) to disclose their names, addresses, telephone numbers, and the subject of discoverable information they are likely to have.[33]  Relatedly, the Court disagrees that Defendant

---

Kan. 2017) (citing Fed. R. Civ. P. 26(b)(3)-(5).

[30] Fed. R. Civ. P. 26(b)((5)(A).

[31] *Johnson v. Gmeinder*, Nos. 98-2556-GTV, 98-2585-GTV, 2000 WL 133434, at *4 (D. Kan. Jan. 20, 2000) (citations omitted).

[32] *Id.*

[33] *See* Fed. R. Civ. P. 26(e)(1), (a)(1)(A)(i).

has provided sufficient information for Plaintiff or the Court to assess whether the claimed

privilege applies to the statements. Defendant provided no information to Plaintiff, but in what

the Court presumes is an effort to satisfy its burden with an evidentiary showing, Defendant

attaches to its response a declaration from counsel asserting these are statements she took from

employees of Defendant that contain issues counsel believes are "important to the defense of

Plaintiff's claims."[34]

Without the benefit of a privilege log, the Court does not have enough information to

decide whether Plaintiff is entitled to these witness statements. The Court will direct Defendant

to submit a privilege log that identifies the witness statements it is withholding. After review, if

Plaintiff has a reasonable basis to challenge the privilege log, including asserting the necessity

exception, the parties shall confer in good faith. Failing ultimate agreement, Plaintiff may renew

this motion for RFP No. 31.

> **REQUEST FOR PRODUCTION NO. 32:** All text messages sent from or
> received by Gary Benham at any point from March 1, 2020, to present regarding
> alleged lost income, reduction in sales as a result of the pandemic, reduction in
> force, employee layoffs, employee terminations, employee suspensions, employee
> rehires, employee training or qualifications to work on multiple machines, or any
> of the claims in this lawsuit.
>
> **REQUEST FOR PRODUCTION NO. 33:** All text messages sent from or
> received by Mike Allen at any point from March 1, 2020, to present regarding
> alleged lost income, reduction in sales as a result of the pandemic, reduction in
> force, employee layoffs, employee terminations, employee suspensions, employee
> rehires, employee training or qualifications to work on multiple machines, or any
> of the claims in this lawsuit.
>
> **REQUEST FOR PRODUCTION NO. 34:** All text messages sent from or
> received by Shelli regarding alleged lost income, reduction in sales as a result of
> the pandemic, reduction in force, employee layoffs, employee terminations,

---

[34] Declaration of Rebecca S. Yocum (ECF No. 33-8.).

employee suspensions, employee rehires, employee training or qualifications to work on multiple machines, or any of the claims in this lawsuit.

**RESPONSE TO REQUEST NOS. 32, 33 and 34: Defendant objects to [these] Request[s] as repetitive and duplicative of Request No. 26. Defendant further objects to [these] Request[s] because [they fail] to comply with the "reasonable particularity" requirements of Fed. R. Civ. P. 34(b)(1), and [are] overly broad in time and scope, unduly burdensome, vague and ambiguous, irrelevant, and not proportional to the needs of this case. Specifically, [these] Request[s] [are] not limited to the Fort Scott plant, and [they seek] text messages that do not have any relationship to the pandemic, the April 2020 layoffs at the Fort Scott plant due to the pandemic or the rehiring of employees who had been laid off at the Fort Scott plant due to the pandemic. Defendant further objects to [these] Request[s] to the extent [they] may be interpreted as calling for text messages protected from disclosure by the attorney-client privilege or work product doctrine. Subject to and without waiving these objections, and to the extent Defendant understands this Request, Defendant does not have any text messages between Mike Allen, Shelli Randall and Gary Benham in March 2020 and April 2020 relating to the April 2020 layoffs at the Fort Scott plant or the rehiring of employees who had been laid off at the Fort Scott plant due to the pandemic.**

Although Plaintiff's earlier RFP No. 26 may have captured some of the same documents called for in RFP Nos. 32-34, the latter do not duplicate the former and the Court overrules Defendant's objection to that effect. Defendant offers a common basis for its objections that the requests fail to comply with the "reasonable particularity" requirement of Fed. R. Civ. P. 34(b)(1), are overly broad in time and scope, unduly burdensome, vague and ambiguous, irrelevant, and not proportional to the needs of the case. The basis is the RFPs are not limited to the Fort Scott plant, and seek messages with no relationship to the pandemic, the April 2020 layoffs, or rehiring. By their plain language, these three RFPs indeed seek such messages. Defendant's explanation provides no evidentiary basis upon which the Court could determine that responding to the requests would be unduly burdensome or disproportional to the needs of the case. Defendant does not deny Shelli Randall's testimony that Defendant provided her with a

14

cell phone which she uses for work-related text messages, and that she has discussed Plaintiff and this lawsuit in text messages on that phone. The other two individuals whose messages Plaintiff seeks were also involved in the RIF process. RFP Nos. 32 and 33 are limited in time from March 1, 2020 to the present, and Plaintiff acknowledges the same time limitation is appropriate for RFP No. 34.

With respect to the scope of the requests, the Court finds overbroad the language seeking text messages regarding "any of the claims in this lawsuit." Defendant's objection is sustained to the extent RFP Nos. 32-34 request such messages.

Defendant recasts the requests by denying possession of messages sent *between* the three named individuals, a limitation which does not appear in the RFPs and for which there is no basis. Finally, Plaintiff denies seeking messages between these individuals and their attorneys. While Defendant's failure to produce a privilege log suggests no such messages exist, Defendant shall include on its privilege log communications between Messrs. Benham or Allen or Ms. Randall and their attorneys.

The Court overrules Defendant's objections and grants Plaintiff's motion with respect to RFP Nos. 32, 33, and 34, but striking the words "any of the claims in this lawsuit" from each.

**REQUEST FOR PRODUCTION NO. 35**: All telephone records, including but not limited to office telephones, cellular phones provided or supplied by You, or any cellular phone used to contact employees, supervisors, or managers for the following individuals: Mike Allen, Shelli Randall, and Gary Benham, and for the following time period: March 1, 2020, through Jan. 1, 2021. The response to this request should also identify the specific phone number associated with each individual and whether that is an office telephone, a company provided cellular phone, or a personal cellular phone.

**RESPONSE: Defendant objects to this Request because it fails to comply with the "reasonable particularity" requirements of Fed. R. Civ. P. 34(b)(1) and is overly broad in time and in scope, unduly burdensome, vague,**

**ambiguous, irrelevant, and not proportional to the needs of this case. Specifically, this Request seeks "all" telephone records without regard to the identity of the caller or the purpose of the call. Defendant further objects to this Request as an invasion of the privacy interests of individuals who are not parties to this lawsuit**.

Plaintiff addresses some of Defendant's objections by asserting this request meets the particularity requirements and is not overly broad in scope because it is limited to telephone records of the three individuals who were part of the RIF process, and the request is appropriately limited in time because it covers only the beginning of the pandemic to when all the terminated employees were rehired. Plaintiff points out Ms. Randall's testimony that she made work-related calls about Plaintiff and this lawsuit, and notes Ms. Randall and Mr. Benham testified they participated in phone calls with Mr. Allen to discuss the RIF. But Plaintiff does not address Defendant's objections that the request is overly broad and disproportionate because it seeks to learn of every phone call these people made or received for ten months, on both private and work phone lines. As written, the request would elicit records that cannot identify the purpose of the call.

The Court finds Defendant's objections of overbreadth and lack of proportionality are well-founded. The records Plaintiff seeks will reveal none of the individuals' conversations and are therefore not likely to yield relevant information concerning their communications. Moreover, the requested phone records would identify every individual with whom these individuals communicated by phone, and Plaintiff has made no showing that an exhaustive list is relevant to her claims in this case. The Court concludes RFP No. 35 is not proportional to Plaintiff's needs in the case, and denies the motion to compel with respect to RFP No. 35.

16

Plaintiff asks the Court to award her attorney's fees for this motion. Rule 37(a)(5)(C) provides that if a motion to compel is granted in part and denied in part, the court may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.[35]  The Court does not find apportionment appropriate and denies Plaintiff's request.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Compel Discovery (ECF No. 31) is **GRANTED IN PART AND DENIED IN PART.**

The motion is **GRANTED** for RFP No. 28.

The motion is **GRANTED** for RFP Nos. 32, 33, and 34, each of which is modified to exclude the words "any of the claims in this lawsuit."

The motion is **DENIED** for RFP Nos. 29 and 35.

No later than April 22, 2022, Defendant shall produce a privilege log in response to RFP No. 31. If Plaintiff chooses to renew this motion after the parties have conferred in a good faith effort to resolve any differences, the motion shall (1) be limited to the privilege log; (2) comply with Fed. R. Civ. P. 37(a)(1) and D. Kan. Rules 37.1 and 37.2; and (3) be filed within 21 days of production of the privilege log.

**IT IS SO ORDERED.**

Dated this 13th day of April, 2022, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[35] Fed. R. Civ. P. 37(a)(5)(C).