IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LINDA ARMSTRONG, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 21-2258-KHV |
| ) | |
| ENNIS BUSINESS FORMS OF KANSAS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Unopposed Motion For Leave To File Exhibit Under Seal (Doc. #59), Plaintiff's Motion For Leave To File Exhibit Under Seal (Doc. #60) and Plaintiff's Motion For Leave To File Exhibit Under Seal (Doc. #61), all filed July 29, 2022. For reasons stated below, the Court overrules plaintiff's motions.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. Crystal Grower's, 616 F.2d at 461–62. In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. See Colony Ins. Co. v. Burke, 698 F.3d

1222, 1241 (10th Cir. 2012).  The parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process.  Id.; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").

In support of plaintiff's opposition to defendant's motion for summary judgment, she seeks leave to file under seal (1) defendant's response to the EEOC's request for additional information, (2) an email from defendant's unit director to various employees and (3) defendant's reduction in force policy.  In support of her motions to seal, plaintiff notes that defendant designated the documents as "confidential" under the Protective Order (Doc. #12) filed September 10, 2021.  The fact that a party designated the documents "confidential" under the protective order does not in itself provide sufficient reason to seal.  Carfusion 213, LLC v. Prof'l Disposables, Inc., No. 09-2616-KHV, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010).  The protective order states that "[n]othing in this Order will be construed as a prior directive to allow any document to be filed under seal."  Protective Order (Doc. #12) at 6.  Further, the mere designation of information as confidential "is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets."  Id.; see id. at 2 (order "will be strictly construed in favor of public disclosure and open proceedings wherever possible"); see also Helm, 656 F.3d at 1292 (parties cannot overcome presumption against sealing simply by showing records are subject to protective order).

On this record, plaintiff has not met the heavy burden to articulate a real and substantial interest which justifies depriving the public access to records which inform the Court's decision-making process.  See Colony Ins., 698 F.3d at 1242 (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement

agreements outweighs presumption of public access). Plaintiff has not explained why disclosure of such information would be harmful or how limited redaction would be insufficient to protect any real and substantial privacy interests. In addition, plaintiff has not explained why she has submitted a redacted, sealed copy of defendant's response to the EEOC's request for additional information.[1] See Exhibit 11 (Doc. #59-1) filed July 29, 2022. For these reasons, the Court overrules plaintiff's motions to file documents under seal. See United States v. Carter, No. 12-20066-38-KHV, 2020 WL 4673213, at *1 (D. Kan. Aug. 12, 2020) ("The Court's constitutional duties do not include asserting arguments for sealing records or ferreting out authorities and identifying factors which are necessary for it to conduct the nuanced balancing of the public's right of access against defendant's interest in non-disclosure.").

**IT IS THEREFORE ORDERED** that Plaintiff's Unopposed Motion For Leave To File Exhibit Under Seal (Doc. #59) filed July 29, 2022 is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Leave To File Exhibit Under Seal (Doc. #60) filed July 29, 2022 is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Leave To File Exhibit Under Seal (Doc. #61) filed July 29, 2022 is **OVERRULED**.

Dated this 3rd day of August, 2022 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] It appears that plaintiff or defendant has redacted employee names including the names of at least some individuals that the parties have already disclosed in other publicly-filed documents.